UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL A. JENKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:18-cv-204-KJM-KJN PS<br><br><br>ORDER |

Plaintiff Jamal Jenkins, who proceeds without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a *pro se* plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

In this case, plaintiff's complaint appears to allege that certain individuals committed various unspecified crimes against him, that he reported such alleged crimes to the Sacramento County Sheriff's Department, but that the Sacramento County Sheriff's Department failed to assist plaintiff by filing police reports, investigating the alleged crimes, and arresting the

individuals involved.  However, plaintiff fails to allege any facts regarding the alleged crimes and the circumstances under which they were reported.  Additionally, although plaintiff names the Sacramento County Sheriff's Department, Scott Jones (the Sacramento County Sheriff), Eric Maness (the Sacramento County Undersheriff), and Ralph Diaz (presumably an individual sheriff's deputy) as defendants, plaintiff fails to allege any facts explaining how each individual defendant was involved with plaintiff's reports.  Furthermore, plaintiff also does not allege what specific claims are asserted against each defendant.  Consequently, beyond conclusory allegations, plaintiff's complaint fails to plead sufficient factual allegations from which the court can draw a reasonable inference that the named defendants are liable under any specific claims.

In light of the above, the court dismisses plaintiff's complaint, but with leave to amend.  If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall be no more than 15 pages; shall address the deficiencies outlined above; and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint.  If plaintiff determines that he is unable to amend his complaint to state a viable claim in accordance with his obligations under Federal Rule of Civil Procedure 11, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed with leave to amend.
3. Within 28 days of this order, plaintiff shall file either a first amended complaint in compliance with this order or a request for voluntary dismissal of the action without

prejudice.

4. Failure to timely comply with this order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: April 3, 2018

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE